**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| NATIONAL CREDIT UNION | ) | CASE NO. 1:13-cv-00227 |
| ADMINISTRATION BOARD, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DRAGISA LONCAREVIC, *et al.*, | ) | **DEFENDANTS' ANSWER TO** |
| | ) | **PLAINTIFF'S COMPLAINT** |
| Defendants. | ) | |
| | ) | **Jury Demand Endorsed Hereon** |

Now come Defendants, Ivana Loncarevic, L&N Property Group, Inc. a/k/a L&N Property Group, and LukaLazo Investments, LLC (hereinafter, collectively referred to as the "Ivana Defendants"), by and through their undersigned counsel, and for their Answer to Plaintiff's Complaint, state and aver as follows:

1.      The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 2, and 3 of Plaintiff's Complaint and therefore deny the same in their entirety.

2.      In response to the allegations contained in Paragraph 4 of Plaintiff's Complaint, the Ivana Defendants admit Ivana Loncarevic, resides in Medina County, Ohio at the address contained in the caption of Plaintiff's Complaint.  Further answering Paragraph 4, the Ivana Defendants deny the remaining allegations contained therein not expressly admitted.

3. The Ivana Defendants admit the allegations contained in Paragraphs 5 and 6 of Plaintiff's Complaint.

4. The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of Plaintiff's Complaint and therefore deny the same in their entirety.

5. To the extent the allegations contained in Paragraph 18 of Plaintiff's Complaint are directed against some or all of the Ivana Defendants, said allegations are denied in their entirety. Further answering Paragraph 18, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

6. The Ivana Defendants admit the allegations contained in Paragraph 19 of Plaintiff's Complaint.

7. The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 20, 21, and 22 of Plaintiff's Complaint and therefore deny the same in their entirety.

8. In response to the allegations contained in Paragraph 23 of Plaintiff's Complaint, the Ivana Defendants specifically deny they are part of the "Loncarevic Group Defendants". Further answering Paragraph 23, to the extent Paragraph 23 attempts to designate certain Defendants as a particular group, Paragraph 23 does not require a response.

9. The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 24 and 25 of Plaintiff's Complaint and therefore deny the same in their entirety.

10.     In response to the allegations contained in Paragraph 26 of Plaintiff's Complaint, the Ivana Defendants specifically deny they are part of the "Loncarevic Group Defendants". Further answering Paragraph 26, to the extent Paragraph 26 attempts to designate certain Defendants as a particular group, Paragraph 26 does not require a response.

11.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 27, 28, and 29 of Plaintiff's Complaint and therefore deny the same in their entirety.

12.     Answering Paragraph 30 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 11 of their Answer as if fully rewritten herein.

13.     To the extent Paragraph 31 of Plaintiff's Complaint asserts allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 31, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

14.     To the extent Paragraph 32 of Plaintiff's Complaint asserts allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 32, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

15.     To the extent Paragraph 33 of Plaintiff's Complaint asserts allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 33, the Ivana Defendants are without information or knowledge sufficient to form a

belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

16.     To the extent Paragraph 34 of Plaintiff's Complaint asserts allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 34, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

17.     To the extent Paragraph 35 of Plaintiff's Complaint asserts allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 35, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

18.     To the extent Paragraph 36 of Plaintiff's Complaint, and its subparts a, b, and d, assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 36, subpart c, the Ivana Defendants admit L&N Property Group, Inc. obtained a loan from St. Paul.  Further answering Paragraph 36, subpart c, the Ivana Defendants deny the remaining allegations contained therein not expressly admitted.  Further answering Paragraph 36, and its subparts a, b, c, and d, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

19.     To the extent Paragraph 37 of Plaintiff's Complaint asserts allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 37, the Ivana Defendants are without information or knowledge sufficient to form a

belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

20.     To the extent Paragraph 38 of Plaintiff's Complaint asserts allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 38, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

21.     To the extent Paragraph 39 of Plaintiff's Complaint asserts allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 39, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

22.     To the extent Paragraph 40 of Plaintiff's Complaint asserts allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 40, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

23.     To the extent Paragraph 41 of Plaintiff's Complaint asserts allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 41, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

24.     To the extent Paragraph 42 of Plaintiff's Complaint asserts allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 42, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

25.     To the extent Paragraph 43 of Plaintiff's Complaint asserts allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 43, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

26.     In response to the allegations contained in Paragraph 44 of Plaintiff's Complaint, the Ivana Defendants admit L&N Property Group was formed on or about August 11, 2008 and formally dissolved with the State of Ohio on or about September 23, 2011.   The Ivana Defendants further admit that L&N Property Group obtained a loan from St. Paul, receiving its first draw on or about July 7, 2009 and its last draw on or about March 4, 2010, for a total loan balance of $503,464.15.   Further answering Paragraph 44, the Ivana Defendants deny the allegations contained therein to the extent said allegations are directed against them.  Further answering Paragraph 44, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

27.     To the extent Paragraph 45 of Plaintiff's Complaint asserts allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 45, the Ivana Defendants are without information or knowledge sufficient to form a

belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

28.     To the extent Paragraph 46 of Plaintiff's Complaint asserts allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 46, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

29.     Answering Paragraph 47 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 28 of their Answer, as if fully rewritten herein.

30.     The Ivana Defendants admit the allegations contained in Paragraph 48 of Plaintiff's Complaint.

31.     The Ivana Defendants deny the allegations contained in Paragraphs 49 and 50 of Plaintiff's Complaint in their entirety.

32.     In response to the allegations contained in Paragraph 51 of Plaintiff's Complaint, the Ivana Defendants admit that, on or about August 20, 2008, Ivana Loncarevic, purchased by Fiduciary Deed certain real property bearing Permanent Parcel No. 015-13-098, said property being more commonly known as 3617 Library Avenue, Cleveland, Ohio  44109, and that the property was subsequently transferred to LukaLazo Investments on or about August 8, 2011, said transfer being recorded in the official records of the Cuyahoga County Recorder.  Further answering Paragraph 51, the Ivana Defendants deny the remaining allegations contained therein not expressly admitted.

33.     In response to the allegations contained in Paragraph 52 of Plaintiff's Complaint, the Ivana Defendants admit that, on or about October 2, 2008, Ivana Loncarevic, purchased by Warranty Deed certain real property bearing Permanent Parcel No. 014-19-037, said property being more commonly known as 2702 Colburn Avenue, Cleveland, Ohio  44109, and that the property was subsequently transferred to LukaLazo Investments on or about August 8, 2011, said transfer being recorded in the official records of the Cuyahoga County Recorder.   Further answering Paragraph 52, the Ivana Defendants deny the remaining allegations contained therein not expressly admitted.

34.     In response to the allegations contained in Paragraph 53 of Plaintiff's Complaint, the Ivana Defendants admit that, on or about March 3, 2010, Ivana Loncarevic, purchased by Limited Warranty Deed certain real property bearing Permanent Parcel No. 011-13-135, said property being more commonly known as 4117 Oak Park Avenue, Cleveland, Ohio  44109, and that the property was subsequently transferred to LukaLazo Investments on or about August 8, 2011, said transfer being recorded in the official records of the Cuyahoga County Recorder. Further answering Paragraph 53, the Ivana Defendants deny the remaining allegations contained therein not expressly admitted.

35.     In response to the allegations contained in Paragraph 54 of Plaintiff's Complaint, the Ivana Defendants admit that, on or about October 16, 2009, Ivana Loncarevic, purchased by Warranty Deed certain real property bearing Permanent Parcel No. 022-16-024, said property being more commonly known as 3921 West 140th Street, Cleveland, Ohio  44111, and that the property was subsequently transferred to LukaLazo Investments on or about August 8, 2011, said transfer being recorded in the official records of the Cuyahoga County Recorder.   Further answering Paragraph 54, the Ivana Defendants admit that, on or about November 9, 2012,

LukaLazo Investments sold the property to a bona fide purchaser for value for consideration of $73,000.00, as recorded in the official records of the Cuyahoga County Recorder.  Further answering Paragraph 54, the Ivana Defendants deny the remaining allegations contained therein not expressly admitted.

36.     In response to the allegations contained in Paragraph 55 of Plaintiff's Complaint, the Ivana Defendants admit that, on or about December 4, 2008, Ivana Loncarevic, purchased by Quit Claim Deed certain real property bearing Permanent Parcel No. 014-13-132, said property being more commonly known as 4219 Brooklyn Avenue, Cleveland, Ohio  44109, and that the property was subsequently transferred to LukaLazo Investments on or about August 8, 2011, said transfer being recorded in the official records of the Cuyahoga County Recorder.  Further answering Paragraph 55, the Ivana Defendants admit that, on or about April 12, 2012, LukaLazo Investments sold the property to a bona fide purchaser for value for consideration of $79,000.00, as recorded in the official records of the Cuyahoga County Recorder.  Further answering Paragraph 55, the Ivana Defendants deny the remaining allegations contained therein not expressly admitted.

37.     In response to the allegations contained in Paragraph 56 of Plaintiff's Complaint, the Ivana Defendants admit that, on or about February 12, 2010, Ivana Loncarevic, purchased by Warranty Deed certain real property bearing Permanent Parcel No. 029-13-048, said property being more commonly known as 18321 Homeway Avenue, Cleveland, Ohio  44135, and that the property was subsequently transferred to LukaLazo Investments on or about August 8, 2011, said transfer being recorded in the official records of the Cuyahoga County Recorder.  Further answering Paragraph 56, the Ivana Defendants deny the remaining allegations contained therein not expressly admitted.

38.     In response to the allegations contained in Paragraph 57 of Plaintiff's Complaint, the Ivana Defendants admit that, on or about May 22, 2009, Ivana Loncarevic, purchased by Warranty Deed certain real property bearing Permanent Parcel No. 012-03-150, said property being more commonly known as 4436 West 53rd Street, Cleveland, Ohio  44144, and that the property was subsequently transferred to LukaLazo Investments on or about August 8, 2011, said transfer being recorded in the official records of the Cuyahoga County Recorder.   Further answering Paragraph 57, the Ivana Defendants deny the remaining allegations contained therein not expressly admitted.

39.     In response to the allegations contained in Paragraph 58 of Plaintiff's Complaint, the Ivana Defendants admit that, on or about July 8, 2009, Ivana Loncarevic, purchased by Warranty Deed certain real property bearing Permanent Parcel No. 009-19-072, said property being more commonly known as 2026 Mayview Avenue, Cleveland, Ohio  44109, and that the property was subsequently transferred to LukaLazo Investments on or about August 8, 2011, said transfer being recorded in the official records of the Cuyahoga County Recorder.   Further answering Paragraph 58, the Ivana Defendants deny the remaining allegations contained therein not expressly admitted.

40.     In response to the allegations contained in Paragraph 59 of Plaintiff's Complaint, the Ivana Defendants admit that, on or about February 3, 2010, Ivana Loncarevic, purchased by Warranty Deed certain real property bearing Permanent Parcel No. 021-27-067, said property being more commonly known as 3390 West 129th Street, Cleveland, Ohio  44111, and that the property was subsequently transferred to LukaLazo Investments on or about August 8, 2011, said transfer being recorded in the official records of the Cuyahoga County Recorder.   Further

answering Paragraph 59, the Ivana Defendants deny the remaining allegations contained therein not expressly admitted.

41.     In response to the allegations contained in Paragraph 60 of Plaintiff's Complaint, the Ivana Defendants admit that, on or about August 14, 2009, Ivana Loncarevic, purchased by Limited Warranty Deed certain real property bearing Permanent Parcel No. 009-23-046, said property being more commonly known as 1707 Treadway Avenue, Cleveland, Ohio  441, and that the property was subsequently sold to Stanimir Grujicic on or about February 27, 2012, said transfer being recorded in the official records of the Cuyahoga County Recorder.  Further answering Paragraph 60, to the extent the remaining allegations are directed against the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 60, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

42.     In response to the allegations contained in Paragraph 61 of Plaintiff's Complaint, the Ivana Defendants admit that, on or about March 25, 2009, Ivana Loncarevic, purchased by Warranty Deed certain real property bearing Permanent Parcel No. 017-15-078, said property being more commonly known as 10229 Dale Avenue, Cleveland, Ohio  44111, and that the property was subsequently sold to Stanimir Grujicic on or about February 27, 2012, said transfer being recorded in the official records of the Cuyahoga County Recorder.  Further answering Paragraph 61, to the extent the remaining allegations are directed against the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraph 61, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

43.     In response to the allegations contained in Paragraph 62 of Plaintiff's Complaint, the Ivana Defendants admit L&N Property Group obtained a loan from St. Paul and proceeds from said loan were used to purchase and/or maintain the properties referenced in Paragraphs 51-61 of Plaintiff's Complaint.  Further answering Paragraph 62, the Ivana Defendants deny the remaining allegations in their entirety.

44.     The Ivana Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Complaint in their entirety.

45.     To the extent Paragraphs 64 and 65 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, said allegations are denied in their entirety.  Further answering Paragraphs 64 and 65, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

46.     Answering Paragraph 66 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 45 of their Answer, as if fully rewritten herein.

47.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 67, 68, 69, 70, 71, and 72 of Plaintiff's Complaint and therefore deny the same in their entirety.

48.     Answering Paragraph 73 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 47 of their Answer, as if fully rewritten herein.

49.     To the extent Paragraphs 74, 75, 76, and 77 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.

Further answering Paragraphs 74, 75, 76, and 77, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

50.     Answering Paragraph 78 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 49 of their Answer, as if fully rewritten herein.

51.     To the extent Paragraphs 79, 80, 81, 82, and 83 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety. Further answering Paragraphs 79, 80, 81, 82, and 83, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

52.     Answering Paragraph 84 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 51 of their Answer, as if fully rewritten herein.

53.     To the extent Paragraphs 85, 86, 87, 88, 89, and 90 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety. Further answering Paragraphs 85, 86, 87, 88, 89, and 90, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

54.     Answering Paragraph 91 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 53 of their Answer, as if fully rewritten herein.

55.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 92, 93, 94, and 95 of Plaintiff's Complaint and therefore deny the same in their entirety.

56.     To the extent Paragraphs 96 and 97 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraphs 96 and 97, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

57.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 98, 99, 100, 101, 102, and 103 of Plaintiff's Complaint and therefore deny the same in their entirety.

58.     Answering Paragraph 104 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 57 of their Answer, as if fully rewritten herein.

59.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 105, 106, 107 (and its subparts), 108, and 109 of Plaintiff's Complaint and therefore deny the same in their entirety.

60.     To the extent Paragraphs 110 and 111 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraphs 110 and 111, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

14

61.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 112, 113, 114, 115, 116, and 117 of Plaintiff's Complaint and therefore deny the same in their entirety.

62.     Answering Paragraph 118 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 61 of their Answer, as if fully rewritten herein.

63.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 119, 120, 121 (and its subparts), 122, and 123 of Plaintiff's Complaint and therefore deny the same in their entirety.

64.     To the extent Paragraphs 124 and 125 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraphs 124 and 125, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

65.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 126, 127, 128, 129, 130, and 131 of Plaintiff's Complaint and therefore deny the same in their entirety.

66.     Answering Paragraph 132 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 65 of their Answer, as if fully rewritten herein.

67.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 133, 134, 135 (and its subparts), 136, and 137 of Plaintiff's Complaint and therefore deny the same in their entirety.

68.     To the extent Paragraphs 138 and 139 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraphs 138 and 139, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

69.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 140, 141, 142, 143, 144, and 145 of Plaintiff's Complaint and therefore deny the same in their entirety.

70.     Answering Paragraph 146 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 69 of their Answer, as if fully rewritten herein.

71.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 147, 148, 149 (and its subparts), 150, and 151 of Plaintiff's Complaint and therefore deny the same in their entirety.

72.     To the extent Paragraphs 152 and 153 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraphs 152 and 153, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

73.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 154, 155, 156, 157, 158, and 159 of Plaintiff's Complaint and therefore deny the same in their entirety.

74.     Answering Paragraph 160 of Plaintiff's Complaint, The Ivana Defendants incorporate by reference herein Paragraphs 1 through 73 of their Answer, as if fully rewritten herein.

75.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 161, 162, 163 (and its subparts), 164, and 165 of Plaintiff's Complaint and therefore deny the same in their entirety.

76.     To the extent Paragraphs 166 and 167 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraphs 166 and 167, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

77.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 168, 169, 170, and 171 of Plaintiff's Complaint and therefore deny the same in their entirety.

78.     Answering Paragraph 172 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 77 of their Answer, as if fully rewritten herein.

79.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 173, 174, 175 (and its subparts), 176, and 177 of Plaintiff's Complaint and therefore deny the same in their entirety.

80.     To the extent Paragraphs 178 and 179 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraphs 178 and 179, the Ivana Defendants are without information or knowledge

sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

81.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 180, 181, 182, and 183 of Plaintiff's Complaint and therefore deny the same in their entirety.

82.     Answering Paragraph 184 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 81 of their Answer, as if fully rewritten herein.

83.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 185, 186, 187 (and its subparts), 188, and 189 of Plaintiff's Complaint and therefore deny the same in their entirety.

84.     To the extent Paragraphs 190 and 191 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraphs 190 and 191, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

85.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 192, 193, 194, 195, and 196 of Plaintiff's Complaint and therefore deny the same in their entirety.

86.     Answering Paragraph 197 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 85 of their Answer, as if fully rewritten herein.

87.     In response to the allegations contained in Paragraph 198 of Plaintiff's Complaint, the Ivana Defendants admit that L&N Property Group opened a share account with St. Paul. Further answering Paragraph 198, the Ivana Defendants admit, based upon information and belief, that the share account opened by L&N Property Group was assigned Account Number 8136-00. Further answering Paragraph 198, the Ivana Defendants deny all remaining allegations contained therein not expressly admitted.

88.     In response to the allegations contained in Paragraph 199 of Plaintiff's Complaint, the Ivana Defendants admit L&N Property Group, Inc. obtained a loan from St. Paul, which was paid in draws, the first of which was made on July 7, 2009 in the amount of $150,000.00. Further answering Paragraph 199, the Ivana Defendants are without information or knowledge as to how the books and records of St. Paul were maintained. Further answering Paragraph 199, the Ivana Defendants deny all remaining allegations contained therein not expressly admitted.

89.     In response to the allegations contained in Paragraph 200 and its subparts, the Ivana Defendants admit Ivana Loncarevic, appears on the account statements of L&N Property Group, Inc. as its representative and, further, that any signatures required of L&N Property Group, Inc. were made by Ivana Loncarevic as its representative. Further answering Paragraph 200, the Ivana Defendants deny all remaining allegations contained therein not expressly admitted.

90.     In response to the allegations contained in Paragraph 201 of Plaintiff's Complaint, the Ivana Defendants admit L&N Property Group, Inc. obtained a loan from St. Paul, which was paid in draws, the first of which was made on July 7, 2009 in the amount of $150,000.00. Further answering Paragraph 201, the Ivana Defendants are without information or knowledge as

to how the books and records of St. Paul were maintained.  Further answering Paragraph 201, the Ivana Defendants deny all remaining allegations contained therein not expressly admitted.

91.     In response to the allegations contained in Paragraph 202 of Plaintiff's Complaint, the Ivana Defendants admit L&N Property Group, Inc. obtained a loan from St. Paul, which was paid in draws, the first of which was made on July 7, 2009 in the amount of $150,000.00. Further answering Paragraph 202, the Ivana Defendants are without information or knowledge as to how the books and records of St. Paul were maintained.  Further answering Paragraph 202, the Ivana Defendants deny all remaining allegations contained therein not expressly admitted.

92.     The Ivana Defendants deny the allegations contained in Paragraphs 203, 204, and 205 of Plaintiff's Complaint in their entirety.

93.     In response to the allegations contained in Paragraph 206 of Plaintiff's Complaint, the Ivana Defendants admit a purported loan application and purported loan documents are attached to Plaintiff's Complaint as Exhibit Q, referencing the loan to L&N Property Group, Inc. in the amount of $503,464.15 at an annual percentage rate of 8.500%.  Further answering Paragraph 206, the Ivana Defendants deny all remaining allegations contained therein not expressly admitted.

94.     The Ivana Defendants deny the allegations contained in Paragraphs 207, 208, and 209 of Plaintiff's Complaint in their entirety.

95.     Answering Paragraph 210 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 94 of their Answer, as if fully rewritten herein.

96.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 211, 212, 213 (and its subparts), 214, and 215 of Plaintiff's Complaint and therefore deny the same in their entirety.

97.     To the extent Paragraphs 216 and 217 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraphs 216 and 217, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

98.     The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 218, 219, 220, and 221 of Plaintiff's Complaint and therefore deny the same in their entirety.

99.     Answering Paragraph 222 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 98 of their Answer, as if fully rewritten herein.

100.    The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 223, 224, 225, and 226 of Plaintiff's Complaint and therefore deny the same in their entirety.

101.    To the extent Paragraphs 227 and 228 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraphs 227 and 228, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

102.    The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 229, 230, 231, 232, and 233 of Plaintiff's Complaint and therefore deny the same in their entirety.

103.    Answering Paragraph 234 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 102 of their Answer, as if fully rewritten herein.

104.    The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 235, 236, 237, and 238 of Plaintiff's Complaint and therefore deny the same in their entirety.

105.    To the extent Paragraphs 239 and 240 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraphs 239 and 240, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

106.    The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 241, 242, 243, 244, and 245 of Plaintiff's Complaint and therefore deny the same in their entirety.

107.    Answering Paragraph 246 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 106 of their Answer, as if fully rewritten herein.

108.    The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 247, 248, 249 (and its subparts), 250, and 251 of Plaintiff's Complaint and therefore deny the same in their entirety.

109.    To the extent Paragraphs 252 and 253 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraphs 252 and 253, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

110.    The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 254, 255, 256, 257, and 258 of Plaintiff's Complaint and therefore deny the same in their entirety.

111.    Answering Paragraph 259 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 110 of their Answer, as if fully rewritten herein.

112.    The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 260, 261, 262 (and its subparts), 263, and 264 of Plaintiff's Complaint and therefore deny the same in their entirety.

113.    To the extent Paragraphs 265 and 266 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraphs 265 and 266, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

114.    The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 267, 268, and 269 of Plaintiff's Complaint and therefore deny the same in their entirety.

115.    Answering Paragraph 270 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 114 of their Answer, as if fully rewritten herein.

116.    The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 271, 272, 273 (and its subparts), 274, and 275 of Plaintiff's Complaint and therefore deny the same in their entirety.

117.    To the extent Paragraphs 276 and 277 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraphs 276 and 277, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same in their entirety.

118.    The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 278, 279, 280, 281, and 282 of Plaintiff's Complaint and therefore deny the same in their entirety.

119.    Answering Paragraph 283 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 118 of their Answer, as if fully rewritten herein.

120.    The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 284 and 285 of Plaintiff's Complaint and therefore deny the same in their entirety.

121.    To the extent Paragraphs 286, 287, 288, 289, and 290 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraphs 286, 287, 288, 289, and 290, the Ivana Defendants are

without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

122.    Answering Paragraph 291 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 121 of their Answer, as if fully rewritten herein.

123.    In response to the allegations contained in Paragraph 292 of Plaintiff's Complaint, the Ivana Defendants admit L&N Property Group, Inc. obtained a loan from St. Paul, but deny that Defendant, Ivana Loncarevic, ever obtained a loan in her individual capacity.  Further answering Paragraph 292, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

124.    The Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 293 of Plaintiff's Complaint and therefore deny the same in their entirety.

125.    To the extent Paragraphs 294, 295, 296, 297, and 298 of Plaintiff's Complaint assert allegations against some or all of the Ivana Defendants, the same are denied in their entirety.  Further answering Paragraphs 294, 295, 296, 297, and 298, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

126.    Answering Paragraph 299 of Plaintiff's Complaint, the Ivana Defendants incorporate by reference herein Paragraphs 1 through 125 of their Answer, as if fully rewritten herein.

127.    In response to the allegations contained in Paragraph 300 of Plaintiff's Complaint, the Ivana Defendants admit Exhibit X to Plaintiff's Complaint purports to be account statements reflecting a loan issued to Ivana Loncarevic in her individual capacity.  Further answering Paragraph 300, the Ivana Defendants deny that Ivana Loncarevic ever obtained a loan from St. Paul in her individual capacity.  Further answering Paragraph 300, the Ivana Defendants deny all remaining allegations contained therein not expressly admitted.

128.    The Ivana Defendants deny the allegations contained in Paragraphs 301 and 302 of Plaintiff's Complaint in their entirety.

129.    In response to the allegations contained in Paragraphs 303 and 304 of Plaintiff's Complaint, the Ivana Defendants deny Ivana Loncarevic ever obtained a loan from St. Paul in her individual capacity.  Further answering Paragraphs 303 and 304, the Ivana Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny the same in their entirety.

130.    The Ivana Defendants deny the allegations contained in Paragraphs 305, 306, 307, and 308 of Plaintiff's Complaint in their entirety.

131.    The Ivana Defendants deny each and every allegation contained in Plaintiff's Complaint, which has not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

132.    Plaintiff's Complaint fails to state a claim upon which relief can be granted against the Ivana Defendants.

### SECOND AFFIRMATIVE DEFENSE

133.    Plaintiff's Complaint is barred, in whole or in part, by its breach of its duty to investigate.

### THIRD AFFIRMATIVE DEFENSE

134.    Plaintiff's Complaint is barred, in whole or in part, by its duty to mitigate its damages.

### FOURTH AFFIRMATIVE DEFENSE

135.    Plaintiff's Complaint is barred, in whole or in part, by the failure to join parties required to be joined by the Federal Rules of Civil Procedure, including Civil Rule19.

### FIFTH AFFIRMATIVE DEFENSE

136.    Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands/bad faith.

### SIXTH AFFIRMATIVE DEFENSE

137.    Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

138.    Plaintiff's Complaint is barred, in whole or in part, by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

139.    The Ivana Defendants reserve the right to assert further affirmative defenses as additional information becomes available during the course of discovery in this matter.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, The Ivana Defendants request a trial by jury of all issues so triable in this action.

Respectfully submitted,

McCARTHY, LEBIT, CRYSTAL
  & LIFFMAN CO., LPA

*/s/ Kimberly A. Brennan*
Robert T. Glickman  (#0059579)
*rtg@mccarthylebit.com*
ROBERT R. KRACHT (#0025574)
*rrk@mccarthylebit.com*
Kimberly A. Brennan  (#0061625)
*kab@mccarthylebit.com*
101 West Prospect Avenue, Suite 1800
Cleveland, Ohio  44115
(216) 696-1422 *phone*
(216) 696-1210 *facsimile*

*Attorneys for Defendants, Ivana Loncarevic,*
*L&N Property Group, Inc. a/k/a L&N*
*Property Group, and Lukalazo Investments,*
*LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Defendants' Answer to Plaintiff's Complaint has been filed electronically on this 22nd day of March, 2013.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties not receiving service through the Court's electronic filing system will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

*/s/ Kimberly A. Brennan*
Kimberly A. Brennan  (#0061625)

O:\WDox\Client\15314\00001\00441098.DOCX