IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, | ) ) ) | CASE NO. 1:13-cv-00227 |
| Plaintiff, | ) ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | |
| DRAGISA LONCAREVIC, *et al.*, | ) ) | **AGREED ORDER** |
| Defendants. | ) ) | |

By agreement of the parties hereto, Plaintiff, National Credit Union Administration Board ("NCUAB"), the Defendants, Ivana Loncarevic, L&N Property Group, Inc. a/k/a L&N Property Group ("L&N"), and LukaLazo Investments, LLC ("LukaLazo") (hereinafter, sometimes collectively referred to as the "Ivana Defendants"), consent to the entry of this Order granting the Motion of NCUAB for prejudgment attachment enjoining the Ivana Defendants from conveying, transferring or otherwise encumbering their interests in certain real property described herein during the pendency of this action or subject to further order of this Court on the following terms and conditions:

## BACKGROUND

1. On or about April 30, 2010, NCUAB placed St. Paul Croatian Federal Credit Union ("St. Paul") into involuntary liquidation and appointed itself as Liquidating Agent thereof,

pursuant to the applicable provisions of 12 U.S.C. Section 1787(a)(1)(A) and Section 1787(j). By operation of law, NCUAB succeeded to all rights, title, authorities and interests of St. Paul.

2.  NCUAB has asserted claims against the Ivana Defendants, as alleged in the Complaint and seeks a Court order placing certain properties under the control of the Court in order to prevent the conveying, transferring, or encumbrance of the following properties during the pendency of this action, to wit: (a) 3617 Library Avenue, Cleveland, Ohio 44109, Permanent Parcel No. 015-13-098; (b) 2702 Colburn Avenue, Cleveland, Ohio 44109, Permanent Parcel No. 014-19-037; (c) 4117 Oak Park Avenue, Cleveland, Ohio 44109, Permanent Parcel No. 011-13-135; (d) 18321 Homeway Avenue, Cleveland, Ohio 44135, Permanent Parcel No. 029-13-048; (e) 4436 West 53rd Street, Cleveland, Ohio 44144, Permanent Parcel No. 012-03-150; (f) 2026 Mayview Avenue, Cleveland, Ohio 44109, Permanent Parcel No. 009-19-072; (g) 3390 West 129th Street, Cleveland, Ohio 4411, Permanent Parcel No. 021-27-067 (collectively the "LukaLazo Properties"); and (h) 269 Somerset Dr., Hinckley, Ohio 44233, Permanent Parcel No. 017-03A-08-126.

## **TERMS AND CONDITIONS OF ATTACHMENT LIEN**

### **The LukaLazo Properties**

3.  During the pendency of this action, Defendant LukaLazo agrees that it will not convey, transfer or otherwise encumber the LukaLazo Properties except in the ordinary course of business and, by virtue of this Order, NCUAB will have an attachment lien on and with respect to the LukaLazo Properties. Further, Ivana Defendants shall provide, within 7 days of this Agreed Order, copies of all leases currently in effect with respect to the Lukalazo Properties and shall provide to the NCUAB on a monthly basis an accounting of all rental payments received

with respect to said leases. Ivana Defendants shall provide to the NCUAB any leases entered into with respect to the Lukalazo Properties subsequent to the date of this Agreed Order.

4. "Ordinary course of business," as used in this section, shall mean that LukaLazo will be permitted to enter into leases or lease renewals regarding any one or more of the LukaLazo Properties provided the leases or any renewals are arm's length transactions approximately representing prevailing rents.

5. As long as LukaLazo is in substantial compliance with the terms of this Agreed Order, it will be permitted to collect all rents and profits derived from the rental of the LukaLazo Properties and utilize those rents and profits for the operation of LukaLazo Properties' rental business, including, but not limited to, the maintenance of the LukaLazo Properties, without restriction as it deems appropriate.

6. In the event LukaLazo receives an offer to purchase any one or more of the LukaLazo Properties during the pendency of this action, LukaLazo shall promptly provide counsel for NCUAB a copy or copies of any purchase agreement(s) for its review and express written approval, which approval shall not be unreasonably withheld, provided a proposed sale is arm's length and for fair consideration. If a sale is approved and consummated, the net proceeds of the sale shall be held in trust by a trustee designated by the Court to hold such assets in an interest-bearing account or certificate of deposit (whichever has the greater rate of return) pending further order of Court. NCUAB's attachment lien will continue in the net proceeds of the sale and any interest that may accrue thereon during the pendency of this action. In the event the NCUAB fails to approve a sale of any of the LukaLazo Properties, LukaLazo may file a request for a hearing seeking the Court's approval of any proposed sale.

### The Loncarevic Residence

7. During the pendency of this action, Ivana Loncarevic agrees that she will not convey, transfer or otherwise encumber her personal residence located at 269 Somerset Drive, Hinckley, Ohio (the "Residence"). The attachment lien will be released and be of no effect with respect to the Residence in the following circumstances:

(a) In the event Ivana Loncarevic seeks a loan modification relative to the first and/or second mortgage loans presently encumbering the Residence and the attachment lien established by this Order impairs or would otherwise prevent her from being able to obtain a modification of said mortgage loans, provided that the loan modification or modifications are done at arm's length, does not include a further extension of credit to Ivana Loncarevic, and is in the ordinary course of the mortgage lender's business. NCUAB and Ivana Loncarevic shall apply to this Court for a supplemental order releasing the attachment lien against the Residence;

(b) In the event Ivana Loncarevic seeks to sell the Residence during the pendency of this action, Ivana Loncarevic shall promptly provide counsel for NCUAB with a copy or copies of any purchase agreement(s) for review and approval by NCUAB, which approval shall not be unreasonably withheld, provided a proposed sale is arm's length and for fair consideration regardless of whether any sale is for less than the total amount of all consensual liens or other liens on the Residence. If a sale is approved by NCUAB, NCUAB

and Ivana Loncarevic shall apply to this Court for a supplemental order releasing the attachment lien against the Residence. Upon consummation of any sale, the net proceeds of the sale shall be held by in trust by a trustee designated by the Court to hold such assets in an interest-bearing account or certificate of deposit (whichever has the greater rate of return) pending further order of Court.

 (c) In the event the NCUAB fails to approve a sale of the Residence Ivana Loncarevic may file a request for a hearing seeking the Court's approval of any proposed sale.

8. The entry of this Order shall not be deemed an admission of liability by the Ivana Defendants and they individually and/or collectively reserve all rights, claims or interests that they have or may have in and with respect to the LukaLazo Properties or the Residence, including, but not limited to, Ivana Loncarevic's homestead exemption in the Residence or any proceeds derived from the sale of the Residence provided by O.R.C. §2329.66(A)(1)(a).

9. NCUAB originally sought the appointment of a trustee pursuant to §1787(b)(2)(G); however, by reason of the entry of this Agreed Order and the injunction and attachment lien evidenced hereby, the injunction and prejudgment attachment will be in lieu of the present appointment of a trustee, provided, however, the later appointment of a trustee may arise in accordance with the terms of this Agreed Order. At such time, the NCUAB shall file a request with the Court seeking the appointment of a trustee.

10. Nothing in this Agreed Order shall prohibit the parties from prosecuting or asserting any available claim or defense at any stage of the proceedings.

11. NCUAB may record this Agreed Order as a lien in the appropriate state agency.

**IT IS SO ORDERED.**

| | |
|---|---|
| May 16, 2013 | s/ Christopher A. Boyko |
| Date | JUDGE CHRISTOPHER A. BOYKO |

**SUBMITTED AND APPROVED BY:**

/s/ Walter A. Lucas
Walter A. Lucas (#0068150)
*slucas@westonhurd.com*
Samuel J. Lauricia, III (#0078158)
*slauricia@westonhurd.com*
WESTON HURD, LLP
1301 East Ninth Street
1900 The Tower at Erieview
Cleveland, Ohio 44114
(216) 241-6602
(216) 641-8369 (facsimile)
*Attorneys for Plaintiff, the National Credit Union Administration Board, Acting in its Capacity as Liquidating Agent for St. Paul Croatian Federal Credit Union*

/s/ Kimberly A. Brennan
Robert T. Glickman (#0059579)
*rtg@mccarthylebit.com*
Robert R. Kracht (#0025574)
*rrk@mccarthylebit.com*
Kimberly A. Brennan (#0061625)
*kab@mccarthylebit.com*
McCARTHY, LEBIT, CRYSTAL
 & LIFFMAN CO., L.P.A.
101 West Prospect Avenue
1800 Midland Building
Cleveland, Ohio 44115
(216) 696-1422
(216) 696-1210 (facsimile)
*Attorneys for Defendants, Ivana Loncarevic, L&N Property Group, Inc. a/k/a L&N Property Group, and LukaLazo Investments, LLC*

7